Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Boris Orlov, Attorney** (CSBN #223532)
Office of the Solicitor
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
Telephone: (213) 894-5410
Facsimile:  (213) 894-2064
orlov.boris@dol.gov

Attorneys for the Plaintiff

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**SETH D. HARRIS**,*
   Acting Secretary of Labor,
   United States Department of Labor,

             Plaintiff,

             v.

**Z & H HAPPY HANDS CORPORATION,**
 a California Corporation, dba
**HAPPY HANDS CARWASH;**
**ZOHRAB KALAYDJIAN**, individually and
 as managing agent of corporate defendant;
**HOVSEP KALAYDJIAN** aka **JOE**
**KALAYDJIAN** individually and as
 managing agent of corporate defendant,

             Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. SACV12-01131 CJC(ANx)

**CONSENT JUDGMENT**

* Pursuant to Rule 25(d)(1) of the Federal Rules of Civil
Procedure the caption of this action has been amended to
reflect the appointment of Acting Secretary Harris.

     Plaintiff Seth D. Harris, Acting Secretary of Labor, United States Department of
Labor ("Secretary") and Defendants, Z & H Happy Hands Corporation, a California
Corporation, doing business as Happy Hands Carwash, and Zohrab Kalaydjian, individ-

**Consent Judgment**

ually and as managing agent of corporate defendant, and Hovsep Kalaydjian, aka Joe Kalaydjian, individually and as managing agent of corporate defendant (collectively "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A.    The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2), 15(a)(3) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2), 215(a)(3) and 215(a)(5).

B.    Defendants have appeared and having retained defense counsel acknowledge receipt of a copy of the Secretary's Complaint and have filed an answer denying all allegations and neither admit nor deny that they have violated the FLSA.

C.    The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

D.    Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

E.    Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee or retaliating against any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

F.    Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction (including but not limited to supervisors at Defendants' car wash) have notice of, and understand, the provisions of this Consent Judgment.

G.    Defendants acknowledge that they are engaged in the business of "car washing and polishing" as defined in California Labor Code § 2051(a) and employ workers in the furtherance of their business. Defendants acknowledge that as a busi-

nesses engaged in car washing and polishing as defined by statute, they are required, pursuant to California Labor Code §2054, to register with the Labor Commissioner, Chief of the Division of Labor Standards Enforcement (DLSE), California Department of Industrial Relations.  Defendants acknowledge that they shall, if not currently registered, register with the Labor Commissioner as a condition of this judgment.  Defendants acknowledge and agree that if they are found in contempt of this judgment, that the Secretary will notify the DLSE of the contempt finding and the DLSE may then revoke, without further notice, the car wash registration issued to Happy Hands Car Wash.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them  who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a) (2), 15(a)(3) and 15(a)(5) of the FLSA, 29 U.S.C. §§215(a)(2), 215(a)(3) and 215(a)(5), in any of the following manners:

1.  Defendants shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), wages at a rate less than $7.25 an hour (or less than the applicable minimum rate as may hereafter be established by amendment to the FLSA).

2.  Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at

which he or she is employed.

3.   Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4.   Defendants, jointly and severally, shall not continue to withhold the payment of $52,195 in minimum wage and overtime pay  hereby found to be due under the FLSA to 15 employees, as a result of their employment by Defendants during the period of June 13, 2009 through March 27, 2012 ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee and the period covered by the Consent Judgment.

5. IT IS ORDERED AND ADJUDGED that the plaintiff shall also have and recover from the defendants, jointly and severally, the additional amount of $52,195 (constituting 100 percent of the back wages that so became due and unpaid in each instance) as and for liquidated damages hereby found to be due under the FLSA.

6.   Defendants, jointly and severally, shall not continue to withhold payment of $5,610 in unpaid civil money penalties assessed against the Defendants and finally determined,  pursuant to authority granted in FLSA § 16(e), for violations of the overtime pay provisions of the FLSA during the backwage accrual period.

7.   To accomplish the requirements of Paragraphs 4, 5 and 6, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 770 The City Drive South, Suite 5710, Orange, CA 92868, the following:

a. On or before July 30, 2013,  a schedule in duplicate bearing the name of the corporate Defendants, employer identification number, address, and phone

**Consent Judgment**                                                    Page 4 of 30

number of the corporate Defendants and showing the name, last known (home) address, social security number,  gross backwage and liquidated damage amount for each person listed in the attached Exhibit 1.

b. Defendants shall deliver to Wage Hour the payments set forth on the attached Exhibit 2.  Each payment shall be made by a check or money order and includes interest calculated at 0.25% per year on the unpaid balance until the balance is paid in full.  The checks for payments 1 through 18 shall have the Firm name and "BWs + Int." written on each, payable to the order of the "Wage and Hour Div., Labor," and be delivered on or before the date the payment is due as set forth in Exhibit 2. The checks for payments 18 through 39 shall have the Firm name and "LDs + Int." written on it, payable to the order of the "Wage and Hour Div., Labor," and be delivered on or before the date the payment is due as set forth in Exhibit 2.

c. In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage and liquidated damages provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the defendants then known to the Secretary.

d.  The Secretary shall allocate and distribute the funds described in paragraphs 4 and 5 less deductions for employees' share of social security and withholding taxes on the backwage amounts to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

e.  On or before November 1, 2016, a check or money order with the firm

name and "OT/CMP" written thereon payable to the order of "Wage & Hour Div.,
Labor," in the amount of $2,805 and  on or before December  1, 2016, a check or
money order with the firm name and "OT/CMP" written thereon payable to the
order of "Wage & Hour Div., Labor," in the amount of $2,805 in payment of the
$5,610 civil money penalty assessed against the defendants for overtime pay vio-
lations plus interest.

8.  Defendants shall amend and maintain their payroll practices to comply with the
FLSA. To accomplish the provisions of this paragraph:

a. Defendants shall record all hours worked by employees in the payroll
records.

b. Defendants shall maintain all timecards and payroll records for a period
of not less than three years.

c. Defendants shall reflect all the amounts paid to employees, regardless of
the manner of payment, on the payroll records.

d. Defendants shall train all supervisors, managers and schedulers at the car
wash regarding the requirements of this consent judgment and shall provide
a copy of this judgment to all supervisors, managers and schedulers.

e. Defendants shall pay employees for all compensable waiting time.  Com-
pensable time shall be defined as the time the employees are on the premis-
es of the car wash during business hours and are available to work with the
exception for bona fide meal periods of at least 30 minutes during which the
employees are completely free from work.

f. Defendants shall pay employees for all the pre and post shift work. Pre
shift work shall be defined as work performed by the employees prior to the
opening of the car wash. Post shift work shall be defined as work performed
by the employees after the closing of the car wash.

g. Defendants shall not alter or manipulate time or payroll records to reduce

**Consent Judgment**

the number of hours actually worked by an employee.

h. Defendants shall not direct supervisors or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees.

i. Defendants shall ensure that only employees who are scheduled to work and are punched in on the time clock are present on the car wash premises during business hours. The employees punched out for their bona fide meal or rest break periods may remain on the car wash premises.

j. Defendants shall not request, require or otherwise cause employees to sign inaccurate time records.

k. Defendants shall not require or permit employees to work "off the clock" either before or after their shift.

l. Defendants shall record all work performed by a single employee during a pay period on one time card and not split up the hours worked on multiple time cards regardless of the number of duties or tasks performed by that employee;

m. Defendants shall continue to operate security cameras currently installed at the car wash. The cameras shall be maintained in good working condition and film the work areas at the car wash. The video footage must contain the correct date and time. Defendants shall keep and preserve the video footage from these cameras for a period of not less than three months. Defendants shall produce this video footage and corresponding payroll records to Wage and Hour investigators upon request.

9.   Defendants shall execute two deeds of trust to secure the payments described in Paragraph 4, 5 and 6.  The first deed of trust, attached hereto as Exhibit 4, shall be recorded against the real property commonly known at 1140 Sweetbriar Dr., Glendale, CA 91206. The second deed of trust, attached hereto as Exhibit 5, shall be recorded against the real property commonly known as 1205 W. 17th Street, Santa Ana, CA

92706.  If Defendants default on their payment obligations, they shall be given 30 days written notice to cure the default.  If Defendants fail to cure their default, Plaintiff shall, at his discretion and without further notice to Defendants, cause the trustee, identified in the deed of trust or subsequently substituted, to sell either or both properties to satisfy Defendants' obligations outlined in paragraphs 4, 5 and 6.

10.  Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwages, liquidated damages or the funds in restitution of the  retaliation from any of the employees listed on the attached Exhibit 1. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Judgment.  Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

11.  Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

12.   On at least an annual basis, Defendants shall hire an independent third party to conduct training as to the requirements of the FLSA. The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements.   All car wash supervisors as well as the individuals who determine the employees pay or schedules or who prepare payroll shall attend this training.  Defendants shall maintain documentation of these trainings for a period of four years and provide it to representatives of the Secretary of Labor upon their request.  This provision shall be

**Consent Judgment**

in effect for a period of four years from the date entry of this Judgment by the Court.

13.     Defendants shall allow representatives of the Wage and Hour Division of the U.S. Department of Labor to read and explain the requirements of this Consent Judgment at the car wash.  These sessions shall be conducted at the Wage and Hour Division's discretion, but shall not be more frequent then once every six  months during the first two years of the Judgment and once a year thereafter.  Defendants shall require all employees to attend these sessions and allow the employees to ask questions and confidentially meet and speak with Wage and Hour representatives. Such sessions shall occur during the employees' paid working hours. During the first such session the Manager of the Car Wash shall read aloud in Spanish the notice attached as Exhibit 3 to the employees.   This provision shall be in effect for a period of four years from the date entry of this Judgment by the Court.

14.     Within 10 days of the entry of this Judgment Defendants shall supply all of their employees at the car wash with copies of the attached Exhibit 3, which summarizes, in English and Spanish, terms of this Judgment and the employees' rights under the FLSA.  In addition, Defendants shall provide copies of Exhibit 3 to all new hires, and post a copy at each business establishment in an area that is frequented by employees and where it is highly visible. In addition, within 10 days of the entry of this Judgment, Defendants shall post this Judgment at the car wash in an area that is frequented by employees and where it is highly visible. This provision shall be in effect for a period of four years from the date entry of this Judgment by the Court.

15.     Defendants shall notify Wage and Hour within 30 days of an ownership change of Z & H Happy Hands Corporation or Happy Hands Car Wash. A complete ownership change as a result of an arm's length transaction shall relieve the individual defendants from compliance with paragraphs 8, 12, 13, and 14 of this Judgment.

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any private action under FLSA§ 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit

**Consent Judgment**                                              Page 9 of 30

1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: July 19, 2013.

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

**Consent Judgment**

1

2  For the Defendants:
   The Defendants hereby appear, waive any
3  defense herein, consent to the entry of
   this Judgment, and waive notice by the
4  Clerk of Court:

5

6  For:  Z & H Happy Hands Corporation

7

8  By: _____       7-16-13.
9        Zohrab Kalaydjian                Date

10 Its:  ___President_____

11

12 For:  Zohrab Kalaydjian

13

14 By: _____       7-16-13.
15       Zohrab Kalaydjian, Individually     Date

16

17 For:  Hovsep Kalaydjian

18

19 By: _____       7-16-13
20       Hovsep Kalaydjian, Individually      Date

21

22

23

24

25

26

27

28

1    Attorneys for the Defendants

2    Mohajerian, Inc., Attorneys at Law

3

4    Approved as to Form Only

5

6

7    _____                    _____
     Al Mohajerian, Esq.                                        Date
8    Mohajerian, Inc.
9    1901 Avenue of the Stars, Suite 1100
10   Los Angeles, California 90067
11   (310) 556-3800

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Consent Judgment**                                          Page 12 of 22

1    For the Plaintiff:

2    M. PATRICIA SMITH
3    Solicitor of Labor

4    JANET M. HEROLD
5    Regional Solicitor

6    DANIEL J. CHASEK
7    Associate Regional Solicitor

8

9

10    BORIS ORLOV, Attorney      7-16-13
       Attorneys for the Plaintiff     Date
11
       U.S. Department of Labor
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Consent Judgment**                                   Page 13 of 20

# EXHIBIT 1

| Name | | Period Covered | | | Back Wages | Liquidated Damages | Total |
|---|---|---|---|---|---|---|---|
| Arbol, | Braulio | 03/24/2010 | - | 04/16/2011 | $4,352.40 | $4,352.40 | $8,704.80 |
| Barragan, | Rudolfo | 07/11/2009 | - | 02/05/2011 | $6,000.00 | $6,000.00 | $12,000.00 |
| Chicas, | Reynaldo Santos | 06/30/2010 | - | 12/01/2010 | $1,893.60 | $1,893.60 | $3,787.20 |
| Damian, | Nicolas | 07/11/2009 | - | 06/25/2011 | $6,250.00 | $6,250.00 | $12,500.00 |
| Flores, | Walter | 11/17/2010 | - | 09/03/2011 | $1,238.58 | $1238.58 | $2,477.16 |
| Gonzalez, | Amulfo | 07/09/2011 | - | 03/17/2012 | $2,961.82 | $2,961.82 | $5,923.64 |
| Guzman, | Melesio | 07/11/2009 | - | 09/17/2011 | $6,000.00 | $6,000.00 | $12,000.00 |
| Guzman, | Noberto Hernandez | 07/11/2009 | - | 09/17/2011 | $4,500.00 | $4,500.00 | $9,000.00 |
| Hernandez, | Moises | 07/09/2011 | - | 03/17/2012 | $2,750.00 | $2,750.00 | $5,500.00 |
| Lopez, | Eugenio | 07/11/2009 | - | 10/20/2010 | $5,152.80 | $5,152.80 | $10,305.60 |
| Maravilla, | Nicolas | 07/11/2009 | - | 10/20/2010 | $3,500.00 | $3,500.00 | $7,000.00 |
| Mejia, | Salomon | 07/11/2009 | - | 08/08/2009 | $1,327.00 | $1,327.00 | $2,654.00 |
| Reyes, | Felipe | 01/09/2010 | - | 05/14/2011 | $4,756.20 | $4,756.20 | $9,512.40 |
| Reyes, | Tobies | 07/11/2009 | - | 07/25/2009 | $801.00 | $801.00 | $1,602.00 |
| Sanchez, | Oscar | 01/09/2010 | - | 02/06/2010 | $711.60 | $711.60 | $1,423.20 |
| | | | | | $52,195.00 | $52,195.00 | $104,390.00 |

**Consent Judgment**

**EXHIBIT 2**

| Payment No. | Due Date | Amount Due | Interest Due | Total Payment Due | Type |
|---|---|---|---|---|---|
| 1 | 8/1/2013 | $10,000.00 | | $10,000.00 | Back Wages |
| 2 | 9/1/2013 | $2,500.00 | $10.69 | $2,510.69 | Back Wages |
| 3 | 10/1/2013 | $2,500.00 | $10.69 | $2,510.69 | Back Wages |
| 4 | 11/1/2013 | $2,500.00 | $10.69 | $2,510.69 | Back Wages |
| 5 | 12/1/2013 | $2,500.00 | $10.69 | $2,510.69 | Back Wages |
| 6 | 1/1/2014 | $2,500.00 | $10.69 | $2,510.69 | Back Wages |
| 7 | 2/1/2014 | $2,500.00 | $10.69 | $2,510.69 | Back Wages |
| 8 | 3/1/2014 | $2,500.00 | $10.69 | $2,510.69 | Back Wages |
| 9 | 4/1/2014 | $2,500.00 | $10.69 | $2,510.69 | Back Wages |
| 10 | 5/1/2014 | $2,500.00 | $10.69 | $2,510.69 | Back Wages |
| 11 | 6/1/2014 | $2,500.00 | $10.69 | $2,510.69 | Back Wages |
| 12 | 7/1/2014 | $2,500.00 | $10.69 | $2,510.69 | Back Wages |
| 13 | 8/1/2014 | $2,500.00 | $10.69 | $2,510.69 | Back Wages |
| 14 | 9/1/2014 | $2,500.00 | $10.69 | $2,510.69 | Back Wages |
| 15 | 10/1/2014 | $2,500.00 | $10.69 | $2,510.69 | Back Wages |
| 16 | 11/1/2014 | $2,500.00 | $10.69 | $2,510.69 | Back Wages |
| 17 | 12/1/2014 | $2,500.00 | $10.69 | $2,510.69 | Back Wages |
| | | $2,195.00 | $9.39 | $2,204.39 | Back Wages |
| 18 | 1/1/2015 | $305.00 | $1.30 | $306.30 | Liquidated Damages |
| 19 | 2/1/2015 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 20 | 3/1/2015 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 21 | 4/1/2015 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 22 | 5/1/2015 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |

**Consent Judgment**

| 23 | 6/1/2015 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
|---|---|---|---|---|---|
| 24 | 7/1/2015 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 25 | 8/1/2015 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 26 | 9/1/2015 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 27 | 10/1/2015 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 28 | 11/1/2015 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 29 | 12/1/2015 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 30 | 1/1/2016 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 31 | 2/1/2016 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 32 | 3/1/2016 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 33 | 4/1/2016 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 34 | 5/1/2016 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 35 | 6/1/2016 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 36 | 7/1/2016 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 37 | 8/1/2016 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 38 | 9/1/2016 | $2,500.00 | $10.69 | $2,510.69 | Liquidated Damages |
| 39 | 10/1/2016 | $1,890.00 | $10.69 | $1,900.69 | Liquidated Damages |
| 40 | 11/1/2016 | $2,805.00 | $10.69 | $2,815.69 | Civil Money Penalty |
| 41 | 12/1/2016 | $2,805.00 | $10.69 | $2,815.69 | Civil Money Penalty |
| Total | | $110,000 | $427.60 | $110,427.60 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 3

## LEGAL NOTICE TO ALL EMPLOYEES

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **Z & H Happy Hands Corporation (Happy Hands Car Wash)** from violating the minimum wage, overtime requirements and the anti-retaliation provisions of the **Fair Labor Standards Act**.  All employees who work in this establishment can help the employer not to violate the Court's Order.  **If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at (714) 621-1650 and your name will be kept confidential.**

In a settlement with the United States Department of Labor, Z & H Happy Hands Corporation has voluntarily agreed to pay back wages and liquidated damages provided for in this judgment and to take other steps to ensure compliance with the Fair Labor Standards Act ("FLSA").

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be

**Consent Judgment**

paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece or flat rate** basis are entitled to overtime when they work over 40 hours.

All employees who are on the premises during business hours and are available to work must be punched in on the time clock and must be paid for this time. Meal breaks of at least 30 minutes during which the employee is completely free from work are exempted from this requirement. All employees who perform any work prior to the opening or after the closing of the car wash, such as preparing work materials and cleaning the car wash, must be punched in on the time clock and paid for this time.

The **Fair Labor Standards Act** and an Order issued by the United States District Court prohibits retaliation against any employees who complain about their pay or work hours.  The Court has prohibited the owner of Happy Hands Car Wash and anyone acting on the employer's behalf, such as the manager of the car wash, from retaliating against, threatening to retaliate against, intimidating, or attempting to influence or in any way threatening the

**Consent Judgment**

employees or former employees of Happy Hands Car Wash in any way for providing information to the Department of Labor or complaining about their hours or pay.

You also have employment rights under California state law, such as an uninterrupted lunch period of at least 30 minutes, and you may contact the California Division of Labor Standards Enforcement, at (714) 558-4910, for any questions you may have about those rights.

## NOTICIA LEGAL A TODOS LOS EMPLEADOS

Para resolver una demanda presentada por el Departamento de Trabajo, el Tribunal Distrito de los Estados Unidos emitió una Orden prohibiendo Z & H Happy Hands Corporation (Happy Hands Car Wash) de violar el salario mínimo, los requisitos de las horas del sobre tiempo y las provisiones contra la represalia de La Ley De Normas Justas De Trabajo.  Todos los empleados que trabajan en este establecimiento pueden ayudar al empleador a no violar la Orden del Tribunal.  Si usted piensa que no le están pagando de acuerdo con la ley, llame al Sección de Horas y Sueldos del Departamento de Trabajo de los Estados Unidos a (714) 621-1650 y su nombre se mantendrá confidencial.

En resolución con el Departamento de  Trabajo, Z & H Happy Hands Corporation ha voluntariamente quedado de acuerdo de pagar salarios atrasados y daños liquidados provisto en este juicio y tomar otros pasos para asegurar complimiento con la Ley de Normas Justas de Trabajo.

La Ley De Norma Justas De Trabajo exige que todos los empleados deban ser pagados el sueldo mínimo por todas las horas trabajadas.  Además,

**Consent Judgment**

los empleados deban ser pagados el sobretiempo, a tiempo y medio de su tasa del pago regular, por todas las horas trabajadas en exceso de 40 en una semana laboral.

Todos los empleados, aunque les pagan por hora o por pieza o cantidad fija tienen derecho a recibir sobretiempo cuando trabajan más de 40 horas. Todos los empleados que están en el establecimiento durante el horario laboral del negocio y están disponibles para trabajar deben estar ponchados en el reloj y deben ser pagados por este tiempo.  Descansos para comer por lo menos de 30 minutos y que están completamente libre del trabajo no requiere ser pagados.  Todos los empleados haciendo cualquier trabajo antes de la hora de abrir o después de la hora de cerrar el lavado de carros deben estar ponchados en el reloj y deben ser pagados por este tiempo trabajado.

La Ley De Normas Justas De Trabajo y la Orden emitida por el Tribunal Distrito de los Estados Unidos han prohibido represalias contra cualquier empleado que se queja de su pago o  horas de trabajo.  El Tribunal ha prohibido el dueño de Happy Hands Car Wash y cualquier persona que actué en nombre del empleador, como el supervisor del lavado de carros, de tomar re-

presalias contra, amenazando con tomar represalias en contra, intimidar, o el intento de influir o de cualquier manera amenazar los empleados o ex empleados de Happy Hands Car Wash en cualquier forma de proporcionar información al Departamento de Trabajo o quejándose de sus horas o pago.

Usted también tiene derechos de empleo bajo la ley del estado de California, como un descanso para comer ininterrumpido a lo menos de 30 minutos, y puede comunicarse con la División de Normas Laborales del estado de California a 714-558-4910  para cualquier pregunta que pueda tener sobre estos derechos.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 4**

**Consent Judgment**

ID:MOHAJERIAN INC

Page:001 R=98%

17-JUL-20...

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

Name   United States Department of Labor
Street   Office of the Solicitor
Address   Attn:  Boris Orlov, Trial Attorney
City &   350 S. Figueroa Street, Suite 370
State   Los Angeles, CA 90071
Zip

Title Order No. _____   Escrow No. _____

Assessors Parcel Number: 5665-004-035         SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST WITH ASSIGNMENT OF RENTS

This DEED OF TRUST, made  ZOHRAB KALAYDJIAN AND ANAHID KALAYDJIAN, AS CO-TRUSTEES OF THE                    between

AREVAGAGANGAPILEOUTOUN TRUST, U/A DATED JUNE 17, 2011                                           herein called TRUSTOR,

whose address is  1140 Sweetbriar Drive, Glendale California 91206

         (Number and Street)                    (City)                (State)             (Zip Code)

PRIORITY  TITLE COMPANY,  a California Corporation, herein called TRUSTEE, and

The Secretary of Labor, United States Department of Labor

                                                                     , herein called BENEFICIARY,

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale that property in

Glendale                              County of  Los Angeles                      , State of California, described as:

## ATTACHED HERETO AS EXHIBIT A

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) payment of the sum of $ 110,000 Per Consent Judgment    with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of the Beneficiary, and extensions or renewals thereof; (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his or her successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A. To protect the security of this Deed of Trust, and with respect to the property above described, Trustor agrees:
   (1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

   (2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

   (3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

   (4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may  make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay  purchase, contest or compromise any encumbrance, charge, or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers pay necessary expenses, employ counsel and pay his or her reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date, of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby, any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B. It is mutually agreed:

(1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him or her in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his or her right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4) That upon written request of beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

(5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his or her own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

(9) The Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him or her at his or her address hereinabove set forth.

Dated  7-17-13.

STATE OF CALIFORNIA
COUNTY  OF  Los Angeles
On  July 17, 2013  before me,
TED A. ZIAFATHY a Notary
Public  (here insert name and title of the officer)
, personally appeared  ZOHRAB KALADJIAN
AND ANAHID KALAYDJIAN
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature  _____

Signature of Trustor

_____

_____

TED A. ZIAFATHY
Commission # 1962034
Notary Public - California
Los Angeles County
My Comm. Expires Dec 27, 2015

Page 2

(This area for official notarial seal)

**EXHIBIT A**

**LEGAL DESCRIPTION**

Real property in the City of Glendale, County of Los Angeles, State of California, described as follows:

LOT 100 OF TRACT NO. 20060, AS PER MAP RECORDED IN BOOK 707, PAGES 6 TO 10 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 5665-004-035

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 5**

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

Name    United States Department of Labor
Street   Office of the Solicitor
Address  Attn: Boris Orlov, Trial Attorney
City &   350 S. Figueroa Street, Suite 370
State ·  Los Angeles, CA 90071
Zip

Title Order No.                Escrow No

Assessors Parcel Number: 399-085-17          **SPACE ABOVE THIS LINE FOR RECORDER'S USE**

## DEED OF TRUST WITH ASSIGNMENT OF RENTS

This DEED OF TRUST, made  ZOHRAB KALAYDJIAN AND ANAHID KALAYDJIAN, AS CO-TRUSTEES OF THE           between
AREVAGAGANGAPILEOUTOUN TRUST, U/A DATED JUNE 17, 2011                        herein called TRUSTOR,

whose address is  1205 W 17th Street, Santa Ana, CA 92706

    **(Number and Street)**         **(City)**            **(State)**           **(Zip Code)**

**PRIORITY  TITLE  COMPANY**,  a California Corporation, herein called TRUSTEE, and

The Secretary of Labor, United States Department of Labor

                                                            , herein called BENEFICIARY,

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale that property in

  Santa Ana                              County of  Orange                      , State of California, described as:

    **ATTACHED HERETO AS EXHIBIT A**

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) payment of the sum of $ 110,000 Per Consent Judgment   with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of the Beneficiary, and extensions or renewals thereof; (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his or her successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A. To protect the security of this Deed of Trust, and with respect to the property above described, Trustor agrees:
    (1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

    (2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

    (3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust

    (4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto  all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes, appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase  contest or compromise any encumbrance, charge, or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

Page 1

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date, of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby, any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B. It is mutually agreed:

(1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him or her in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his or her right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay,

(3) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4) That upon written request of beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

(5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable, Upon any such default, Beneficiary may at any time without notice, either in person by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof. In his or her own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

(9) The Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him or her at his or her address hereinbefore set forth.

Dated 7-17-13.

Signature of Trustor

STATE OF CALIFORNIA

COUNTY OF Los Angeles

On July 17, 2013 before me.

TED A. ZIAFATHY, a Notary Public (here insert name and title of the officer)

, personally appeared ZOHRAB KALAYDJIAN
AND ANAHID KALAYDJIAN
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature

TED A. ZIAFATHY
Commission # 1952034
Notary Public - California
Los Angeles County
My Comm. Expires Dec 27, 2015

Page 2

(This area for official notarial seal)

# EXHIBIT A

THAT PORTION OF LOT 2 OF THE BATES TRACT, IN THE CITY OF SANTA ANA, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1, PAGE 96 OF MISCELLANEOUS MAPS, INTHE OFFICE THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINING AT A POINT ON THE SOUTHERLY LINE OF TRACT NO. 1572, AS PER MAP RECORDED IN BOOK 48, PAGE 16 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; NORTH 89 degree 51' 40" EAST 430.00 FEET FROM THE SOUTHWEST CORNER OF SAID TRACT NO. 1572; THENCE NORTH 89 degree 51' 40" EAST 310.64 FEET TO THE CENTERLINE OF BAKER STREET, AS SHOWN ON SET TRACT NO. 1572; THENCE SOUTH 0 degree 38' 10" WEST 293.16 FEET ALONG SAID CENTERLINE OF BAKER STREET, TO THE CENTERLINE OF 17TH STREET; THENCE WESTERLY ALONG SAID CENTERLINE OF 17TH STREET, TO A LINE WHICH BEARS SOUTH 0 degree 42' 50" WEST PARALLEL WITH THE CENTERLINE OF BRISTOL STREET, FROM THE POINT OF BEGINING, THENCE NORTH 0 degree 42' 50" EAST 293.25 FEET TO THE POINT OF BEGINING.

EXCEPT THE WEST 120.00 FEET MEASURED ALONG THE NORTH LINE OF SAID LAND.

and more commonly known as 1205 WEST 17TH STREET, SANTA ANA, CA 92706, CA.

TAX PARCEL NUMBER: 399-085-17